UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SABRINA DOMINGUES,<br><br>             Plaintiff,<br><br>      v.<br><br>UNITED STATES POSTAL SERVICE OF THE UNITED STATES OF AMERICA,<br><br>             Defendants. | Case No.: C- 06-911   PVT<br><br>**ORDER GRANTING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** |

## I. INTRODUCTION

On February 26, 2004, Plaintiff, Sabrina Domingues ("Plaintiff"), was injured while buying stamps from a machine inside the Morgan Hill Post Office ("MHPO"). Pauline Chipman, another postal customer, accidentally stepped on the accelerator instead of the brake while attempting to park her car. (Police Report at 5, Lewis Decl. Exh. 5). Plaintiff argues that the United States was negligent in failing to improve parking lot safety after two prior accidents at the MHPO. The United States is moving under Rule 12(b)(1), claiming lack of jurisdiction. The United States argues that the waiver of sovereign immunity in the Federal Tort Claims Act does not extend to the decision not to improve parking lot safety because it was a discretionary act. The government also moves, in the alternative for summary judgment, arguing that Plaintiff

cannot establish a duty as a matter of law.

On May 15, 2007, the parties appeared before Magistrate Judge Patricia V. Trumbull for hearing on Defendant's Motion to Dismiss, or in the alternative for summary judgment[1]  Based on the briefs and arguments presented,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is Granted.

## II. DISCUSSION

### A. Waiver of Sovereign Immunity

The Federal Tort Claims Act ("FTCA") is a waiver of the federal government's sovereign immunity. Under the FTCA, the United States is liable "in the same manner and to the same extent as a private individual under like circumstances...." 28 U.S.C. § 2674 (2006); see also 28 U.S.C. § 1346(b) (Liability exists "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."). However, the waiver does not apply to:

> Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, **whether or not the discretion involved be abused**.

28 U.S.C. § 2680(a) (emphasis added). Thus, the question of jurisdiction turns on whether the acts alleged as negligence in this case qualify for the discretionary acts exemption.

### B. Legal Standards for 12(b)(1) Motion

Rule 12(b)(1) allows this Court to dismiss a claim for lack of jurisdiction. "It is a fundamental principle that federal courts are courts of limited jurisdiction." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). Thus, the plaintiff bears the burden of establishing subject matter jurisdiction. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). The government, however, must prove that the discretionary function exception applies.

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

*GATX/Airlog Co. V. Evergreen Int'l Airlines, inc.*, 81 F.Supp.2d 1003, 1005 (N.D. Cal. 1999). When a defendant challenges the factual existence of jurisdiction, as opposed to the sufficiency of the allegations in the complaint, the Court may properly consider facts outside of the Complaint, can evaluate disputed facts to determine jurisdiction, and need not assume the truthfulness of the allegations in the complaint. *Doe v. Schacter*, 804 F. Supp. 53, 56 (N.D. Cal. 1992), *citing Thornhill Pub. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733-35 (9th Cir. 1979); *see also Safe Air v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

However, "where the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits, the jurisdictional determination should await a determination of the relevant facts on either a motion going to the merits or at trial." *Doe*, 804 F. Supp at 57.

In this case, Plaintiff claims that the facts are so inextricably interlinked that the summary judgment standard should apply to 12(b)(1). However, Defendant is correct that the issue of whether post office re-design for safety is a discretionary function is wholly separate from the merits of the case i.e. whether Defendant was negligent. Accordingly, the "summary judgment standard is not appropriate here because the Court can determine whether the United States is immune from suit without doing the factual analysis necessary to resolve the merits of the [plaintiff's] negligence claims. The question here is whether the government actors had discretion, not whether they were negligent." *GATX/Airlog Co. V. Evergreen Int'l Airlines, inc.*, 81 F.Supp.2d 1003, 1005 at n. 3 (N.D. Cal. 1999).

**C.   Design of Customer Service Facility is Discretionary Function**

The Supreme Court has prescribed a two part test to determine if functions are discretionary. Functions are only discretionary if: 1) the challenged action was not governed by a mandatory statute, policy or regulation; and 2) the action involves a decision susceptible to social, economic, or political policy analysis. *United States v. Gaubert*, 499 U.S. 513, 322-25 (1991); *Berkovitz v. United States*, 486 U.S. 531, 536-37 (1988). Under the second prong, the government need not show that the decision maker actually considered any particular policy, it merely must show that the decision is susceptible to a policy analysis. *Miller v. United States*,

163 F.3d 591, 593 (9th Cir.1998) ("The decision need not be actually grounded in policy considerations, but must be, by its nature, susceptible to a policy analysis").

### 1. No Mandatory Rule

Plaintiff does not assert any mandatory rule or policy requiring barriers between the parking lot and lobby of customer service centers. Accordingly, the first prong of the exception is met.

### 2. Decision Susceptible to Policy Considerations

The disagreement is over the second prong: whether the decision not to have a barrier involved policy considerations. Defendant frames the issue as whether all customer service facilities should have concrete barriers. Plaintiff claims the issue is whether this particular post office should have had barriers put in after the first two accidents. The court need not decide which framing of the issue is more appropriate because whether the decisions was as to one post office or many is not determinative. Discretionary decisions are not limited to high-level policy setting. *See Gaubert*, 499 U.S. at 325. ("A discretionary act is one that involves choice or judgment; there is nothing in that description that refers exclusively to policymaking or planning functions.) As discussed below, even under Plaintiff's framing of the issue, the decision to put in barriers at MHPO is discretionary.

#### a. Design Decisions are Discretionary

Defendant argues that the decision whether to build the parking lot with barriers or to add barriers later is discretionary because it involves a design question. The Ninth Circuit has recognized that the design of a course of action is discretionary, but the implementation of that course is not. *Whisnant*, 400 F.3d at 1181-82, *citing ARA Leisure Servs. v. United States*, 831 F.2d 193, 195 (9th Cir. 1987). In *ARA*, the court found the decision not to have guard rails on roads in Denali National Park was discretionary, but the failure to maintain the road in a safe manner was not. The decision of whether to have parking lot barriers is analogous to whether to have guard rails on roads. In contrast, if the barriers had been maintained in an unsafe manner, that would not be discretionary. *See also Kennewick Irrigation District v. United States*, 880 F.2d 1018 (9th Cir.1989) (negligent design of irrigation canal discretionary, negligent failure to

follow contract requirements for removal of unsafe materials not).

                b.        Discretion based on budgetary concerns

Defendant also argues that the decision was discretionary because the postal service has to make decisions how to carry out its mission to provide mail service and facilities within a limited budget. Plaintiff argues that budgetary concerns cannot be a discretionary function. *O'Toole v. United States*, 295 F.3d 1029, 1035-36 (9th Cir. 2002) (maintenance of irrigation system). However, *O'Toole* only held that budget concerns alone do not create discretion in the context of routine maintenance. In fact, the Ninth Circuit has held: "where a statute or policy plainly requires the government to balance expense against other desiderata, then considering the cost of greater safety is a discretionary function." *National Union Fire Ins. v. U.S.*, 115 F.3d 1415, 1422 (9th Cir. 1997); *see also Miller v. United States*, 163 F.3d 591, 596 (9th Cir. 1998) (forest service balancing of cost and safety in wildfire suppression is discretionary).

In this case, Defendant is not asserting budget concerns alone, but rather the balancing of expense against its mission to provide mail services to the entire country. The Ninth Circuit examined the relationship between the Postal Service's policy goals and budgetary constraints in *Gager v. U.S.*, 149 F.3d 918, 922 (9th Cir. 1998). The court found that the Postal Service's decision not to provide universal training and supervision in mail bomb detection was discretionary because the postal service also had to consider economic concerns as well as its obligation to provide reliable, efficient mail service.

The *Gager* court relied on *Hughes v. United States*, 110 F.3d 765, 768-69 (11th Cir.1997). In *Hughes*, the court found that decisions by the Postal Service regarding security at post offices, such as leaving the facility open 24 hours and failing to provide security guards, involve judgment or choice grounded in social, economic, and political policy. The court reasoned:

> As charged by Congress, "[t]he Postal Service shall have as its basic function the obligation to provide postal services to bind the Nation together through the personal, educational, literary, and business correspondence of the people." 39 U.S.C. § 101(a). To this end, the Postal Service "shall provide prompt, reliable, and efficient services to patrons in all areas and shall render postal services to all communities." *Id*. Decisions involving security at post offices are a fundamental part of the economic and social policy analysis required to achieve these goals. . . . Postal employees must decide how to allocate resources so as to best serve

> customers in a prompt, reliable, and efficient manner. While financial considerations alone may not make a decision one involving policy, such considerations are particularly relevant to the Postal Service, which is "operated as a basic and fundamental service provided to the people." 39 U.S.C. § 101(a). We will not second guess the Postal Service's resource allocation decisions here.

*Hughes*, 110 F.3d at 768-69 (citation omitted.)

Parking lot safety decisions, like building security, are susceptible to policy considerations. Accordingly, the decision not to improve safety in the parking lot is susceptible to policy considerations.[2]

Plaintiff urges the court to follow the third circuit's decision in *Gotha v. United States*, 115 F.3d 176 (3rd Cir. 1997), finding the Navy's failure to build a set of stairs or barricade around a steep ramp used by employees not discretionary. In a later case, however, the third circuit specifically distinguished *Gotha* and found that a failure to maintain and repair could be discretionary. *Mitchell v. United States*, 225 F.3d 361, 366 (3rd Cir. 2000). In *Mitchell*, the issue was the Park Service's choice not to repair or improve a drainage ditch and concrete head-wall. The court found that the decision not to repair the roadway was discretionary because the park service " was forced to prioritize among these projects because of its restricted budget and its limited ability to make repairs." *Id.* at 364. The Mitchell court distinguished *Gotha* because the condition of the employee-only facility was not related to the mission of the Navy or the facility. *Id.* at 364-65. In this case, a customer service facility is at issue, and the parking lot exists to facilitate access to stamps, post office boxes, and mailing services. Accordingly, the decision is related to the mission of providing mail service to the public and the court declines to follow the holding in *Gotha*.

//

---

[2] The Postal Service submitted a declaration from Martin R. Petrey listing the policy considerations that apply to the decision to put in barriers in customer service facility parking lots. Plaintiff objects that Mr. Petrey's opinion as to the effectiveness, hazards or aesthetics of barriers. The court need not rule on this objection because it has not considered Mr. Petrey's expert opinion on any topic. Because the government need only show that the decision was susceptible to policy considerations, the only relevance of this declaration is to point out possible considerations. Accordingly, the court has only considered Mr. Petrey's declaration as illustrative of potential policy considerations such as operational efficiency, security of mail and postal service assets, accessibility for the disabled, and aesthetics.

### III. CONCLUSION

As the Ninth Circuit has stated, despite sympathy for the Plaintiff, the court is "not able to expand the narrow areas in which the United States has waived sovereign immunity." *Gager*, 149 F.3d at 922. Accordingly, for the foregoing reasons, It Is Hereby Ordered that Defendant's Motion to Dismiss for lack of subject matter jurisdiction is Granted.[3]

IT IS SO ORDERED.

Dated: May 21, 2007

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[3] In light of the court's ruling on jurisdiction, the court need not adjudicate the alternative motion for summary judgment.